

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>Juan Antonio ARELLANO-Diaz, )<br><br>Defendant. )<br>_____ ) | Magistrate Case No. '25 MJ2470 _____<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1326<br>Attempted Entry after Deportation |

The undersigned complainant, being duly sworn states:

On or about May 11, 2025 within the Southern District of California, Defendant Juan Antonio ARELLANO-Diaz an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose i.e., conscious desire, to enter the United States at the San Ysidro, California Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the Defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Adriana A. Burns, CBP Officer
U.S. Customs and Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 12th of May 2025.

_____
HON. STEVE B. CHU
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On May 11, 2025, at approximately 11:53 P.M., Juan Antonio ARELLANO-Diaz (Defendant) applied for admission into the United States from Mexico via the San Ysidro, California Port of Entry pedestrian primary lanes. Upon inspection before a United States Customs and Border Protection (CBP) Officer, Defendant presented a United States Lawful Permanent Resident (I-551) card bearing the name with the initials J.L.G. and said he was going to Chula Vista, California. The CBP Officer asked the Defendant where he resided, and Defendant said Chula Vista. The CBP Officer queried the I-551 and discovered it belonged to someone else based on the photo that appeared on his computer system. Defendant then admitted to the CBP Officer that he paid $500.00 USD for the I-551, and that he was not a lawful permanent resident. Defendant was then placed in handcuff restraints to be escorted to pedestrian secondary for further inspection.

In secondary, Defendant's true identity was ascertained. Defendant was queried by fingerprint and photograph submission through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT and IAFIS returned a match to the query linking Defendant to Federal Bureau of Investigations (FBI) and Department of Homeland Security (DHS) records which identified Defendant as a citizen of Mexico and a previously deported alien.

Further DHS records confirmed Defendant is a citizen of Mexico without legal documents or entitlements to enter the United States. DHS records revealed Defendant was ordered removed from the United States to Mexico on or about March 22, 2015, pursuant to an Expedited Removal Order, and physically removed from the United States to Mexico on or about March 23, 2015, via Calexico, California. Defendant was last physically removed from the United States to Mexico on or about April 25, 2025, via San Luis, Arizona, pursuant to an Expedited Removal Order. DHS records contain no evidence Defendant has applied for or received permission from the Attorney General of the United States or designated successor, the Secretary of the Department of Homeland Security, to legally re-enter the United States.

On May 12, 2025, at approximately 2:50 A.M., during a video-recorded interview, Defendant was advised of his Miranda rights and elected to make a statement. Defendant admitted to being a citizen of Mexico without legal documents to enter the United States. Defendant stated the I-551 he presented was counterfeit and that he paid $2,000.00 USD for the document with the intention of entering the United

1

States.  Defendant stated he was going to pay an additional $15,000.00 USD upon his successful entry into the United States.  Defendant stated he has no pending petitions with the United States government and that he is aware it is illegal to enter the United States without valid documents. Defendant stated he was traveling to Denver, Colorado to live and work.